

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAN GUZMAN-HERNANDEZ, AKA Eliseo Cubvas-Arranco, AKA Hector Cubvas-Arranco, AKA Eliseo Cueva, AKA Hector Cuevas-Galan, | No. 15-72601 |
| Petitioner, | Agency No. A077-540-776 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 18, 2018
Seattle, Washington

Before: BERZON and HURWITZ, Circuit Judges, and DEARIE,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

Adan Guzman-Hernandez, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing an appeal from the Immigration Judge's ("IJ") denial of Guzman's applications for withholding of removal and protection under the Convention Against Torture.

**1.** Guzman has not established that any persecution he experienced took place on account of a statutorily protected ground. *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b); *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000). As to the asserted particular social group comprised of all landowners in Mexico, even if all Mexican landowners constitute a particular social group, Guzman has not established the required nexus between his alleged persecution and membership in that group. The dispute that led to his father's murder was a dispute between two landowners over a single parcel of land. Guzman acknowledged that his father was killed by his father's cousin because of "greed," not because of his status as a landowner.

As to the asserted particular social group comprised of people resisting Mexican criminal cartels, Guzman failed to raise that issue to the BIA. We lack jurisdiction over legal claims not presented in proceedings before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**2.** Substantial evidence also supports the BIA's determination that Guzman failed to establish a clear probability of torture. The past injury Guzman himself experienced does not amount to torture, nor does the murder of Guzman's father show a "pattern of persecution." *See Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991). Also, there is substantial evidence in the record that Guzman could relocate safely to Mexico. Guzman returned several times to Mexico after first entering the United States, for "a few weeks" at a time and on at least one occasion for "a few months," without experiencing any torture or threats of torture. Guzman therefore has not shown that it is "more likely than not" that he would be tortured if removed to Mexico. 8 C.F.R. § 1208.16(c)(2); *see Lianhua Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014).

**3.** Finally, the BIA did not abuse its discretion in declining to remand to the IJ to consider Guzman's new evidence of post-traumatic stress disorder ("PTSD"). A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) (holding that, if "the allegedly new information" was "capable of being discovered" at the time of the IJ hearing, "it cannot provided a basis for reopening"). Guzman did not explain why

3

the mental health evaluation and PTSD diagnosis "could not have been discovered or presented" at the IJ hearing. More importantly, Guzman did not establish that the mental health evaluation and PTSD diagnosis were material: Guzman, represented by counsel, participated in proceedings before the IJ without any apparent difficulty, with no indicia of incompetency.

**PETITION FOR REVIEW DENIED.**